## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET THORNHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0118-CVE-TLW |
| | ) | |
| LESLEY V. LANDIS, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Lesley V. Landis, M.D.'s Motion to Dismiss and Brief in Support. Dkt. # 7. Defendant has also filed a supplement to her motion to dismiss. Dkt. # 11. Defendant asserts that: plaintiff's claim is barred by the statute of limitations; plaintiff failed to timely obtain service; defendant is immune from suit; and the required affidavit is insufficient.

## I.

On December 30, 2009, Jackie Thornhill, plaintiff's husband, was taken to the Jack C. Montgomery Veterans Affairs Medical Center (VAMC) with symptoms of pneumonia. Dkt. # 2, at 7. Thornhill complained of dizziness, severe fatigue, and productive cough. Id. While at the VAMC, Thornhill was examined and treated by defendant, and defendant noted that Thornhill had been coughing up colored phlegm for the previous few days. Id. Defendant did not give Thornhill any fluids or administer an X-ray of Thornhill's chest, and Thornhill was discharged. Id. The following day, Thornhill was transported, by emergency services, to Tahlequah City Hospital, where he was diagnosed with severe dehydration and pneumonia. Id. On January 4, 2010, Thornhill died. Id. On December 16, 2011, plaintiff filed a claim for damage, injury, or death with the United States Department of Veterans Affairs (VA). Id. at 8. On March 5, 2012, plaintiff received notice from

the VA that it planned to deny her claim based upon defendant's status as an independent contractor. Dkt. # 14, at 11.  And, on July 13, 2012, plaintiff received final notice that the VA had denied her claim.  Dkt. # 2, at 8.  In the notice of denial, the VA advised plaintiff that defendant was an independent contractor, not a government employee, and that the VA was therefore not responsible for defendant's acts.  Id.  Thereafter, plaintiff filed this case in state court, individually as well as a representative of Thornhill's estate, alleging negligence.  Id.  Defendant removed on February 26, 2013, and moved to dismiss (Dkt. # 7) on February 27, 2013, and thereafter filed a supplement (Dkt. # 11).  Plaintiff filed a response in opposition (Dkt. # 14) to the motion and supplement.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662 (2009).  For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007);

<u>Moffett v. Halliburton Energy Servs., Inc.</u>, 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court

need not accept as true those allegations that are conclusory in nature.  <u>Erikson v. Pawnee Cnty. Bd.</u>

<u>Of Cnty. Com'rs</u>, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based."  <u>Hall</u>

<u>v. Bellmon</u>, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendant asserts that the applicable statute of limitations bars plaintiff's claim.  Dkt. # 7,

at 7.  Plaintiff asserts that she could not have known that defendant's actions caused her injuries until

she received, on March 5, 2012, the notice from the VA, as well as the subsequent final denial on

July 13, 2012.  Dkt. # 14, at 11.  In other words, plaintiff argues that she had a claim against the

United States only, and not defendant, until she received the final notice on July 13, 2012.  <u>Id.</u>

Oklahoma law provides that:

> An action for damages for injury or death against any physician, health care provider
> or hospital licensed under the laws of this state, whether based in tort, breach of
> contract or otherwise, arising out of patient care, shall be brought within two (2)
> years of the date the plaintiff knew or should have known, through exercise of
> reasonable diligence, of the existence of the death, injury or condition complained
> of; provided, however, the minority or incompetency when the cause of action arises
> will extend said period of limitation.

Okla. Stat. tit. 76, § 18.[1]  Statutes of limitations "prevent the unexpected effort at enforcement of

stale claims."  <u>Wing v. Lorton</u>, 261 P.3d 1122, 1125 (Okla. 2011) (internal quotation marks omitted).

As noted by the Supreme Court of Oklahoma, "[s]tatutes of limitation were not designed to help

---

[1]     Plaintiff's claim is premised on professional medical services provided to plaintiff's
husband.  Dkt. # 7, at 9.  Thus, the applicable statute of limitations is the two-year period of
limitations provided by Okla. Stat. tit. 76, § 18, which the parties do not dispute.  <u>Id.</u>; Dkt.
# 14, at 9.

those who negligently refrain from prosecuting inquiries plainly suggested by the facts." Id. (internal quotation marks omitted).

The limitation period "begins to run when the cause of action accrues[,]" which is "when a litigant could first maintain an action to successful conclusion." Id. (internal quotation marks omitted). In an action for medical malpractice, the claim accrues when the doctor or provider's "acts or omissions fall below the standard of care" and cause injury. Id. (citation omitted). Generally, the negligent act and injury occur contemporaneously. Id. "However, sometimes the injury is manifested after the wrongful act or omission responsible for the medical negligence action." Id. at 1125-26. In those cases, the two-year period runs from the date the "plaintiff knew or should have known, through exercise of reasonable diligence, of the existence of the death, injury or condition complained of." Okla. Stat. tit. 76, § 18. This "discovery rule" is an exception to the general rule for accrual and "encompass[es] the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things . . . [is] sufficient knowledge to start the running of the statute of limitations." Wing, 261 P.3d at 1126 (internal quotation marks omitted).

There are generally "two key determinations concerning application of the medical negligence statute of limitations and the discovery rule it incorporates." Id. The first determination is "the injury or condition complained of." Id. The second inquiry is when plaintiff knew or should have known that defendant caused the injury. Id. Where circumstances "are such that reasonable men might reach conflicting opinions thereon, the issue is a question for determination by the trier of the facts." Redwine v. Baptist Medical Center, 679 P.2d 1293, 1295 (Okla. 1983); see also Gallagher v. Enid Regional Hosp., 910 P.2d 984, 986 (Okla. 1995).

"[T]he proper analysis . . . asks whether [ ] plaintiff has exercised reasonable diligence in determining the wrongfulness and cause of the 'death, injury or condition complained of' under section 18 of title 76." Wing, 261 P.3d at 1128.  Oklahoma case law is clear that the second determination is focused on when plaintiff knew or should have known that she was injured or when the wrongful conduct occurred, rather than when plaintiff was able to identify the specific defendant who injured her. Id. at 1127 (whether two-year period ran from time plaintiff "learned from another doctor that her treatment . . . was not medically appropriate . . . , or whether she had sufficient knowledge earlier which, if pursued, would have led her to discover the alleged wrongful deficiencies in her treatment" was question of fact); Lancaster v. Hale, 152 P.3d 890, 891-93 (Okla. 2007) (whether two-year period ran from date of injury or when second doctor notified plaintiff that earlier care was wrongful was question of fact); Redwine, 679 P.2d at 1294-96 (whether plaintiff exercised reasonable diligence in ascertaining if equipment failure was cause of her husband's death was question of fact for the jury).

In this case, Thornhill was treated by defendant on December 30, 2009.  Thornhill died on January 4, 2010.  Plaintiff alleges that "[a]s a result of [d]efendant's failure to appropriately diagnose and/or treat [ ] [Thornhill's] obvious symptoms of pneumonia and dehydration, [ ] Thornhill died and [p]laintiff, his surviving spouse, has suffered damages."  Dkt. # 2, at 7.  Therefore, the first inquiry, the injury or condition complained of, is Thornhill's death. Dkt. # 14, at 11.  The second inquiry, when plaintiff "acquired sufficient information by which she knew or should have known" that defendant caused the injury, is limited to when plaintiff should have discovered defendant's wrongful conduct was the cause of Thornhill's death.  Wing, 261 P.3d at 1126.

Plaintiff asserts that she did not discover that defendant was the cause of Thornhill's death until she received the notice from the VA that defendant was an independent contractor (Dkt. # 2, at 8), but there is no question that she discovered that defendant's negligent care led to Thornhill's death in January 2010.  Instead, plaintiff's argument is that she could not have known that defendant was the correct defendant - - the one responsible for Thornhill's death - - until she received notice from the VA that defendant was an independent contractor.  Id. at 7-8.  This is not a circumstance where "reasonable men might reach conflicting opinions" such that the determination is a question of fact.  See Redwine, 679 P.2d at 1295.  At the latest, plaintiff knew or should have known of the injury as of the date of Thornhill's death, January 4, 2010.  Dkt. # 2, at 8.  Plaintiff does not state that only after January 4, 2010 could she have learned that defendant's actions were wrongful, such that her cause of action did not accrue until some later date.  Plaintiff knew that treatment received by Thornhill at the VA caused Thornhill's death - - she filed a claim with the VA within the statute of limitations.[2]  Dkt. # 2, at 8. Therefore, the statute of limitations began to accrue on January 4, 2010, and the statute of limitations expired on January 4, 2012, seven months before plaintiff filed her petition in state court.  See Dkt. # 2, at 6.  Simply discovering, after that date, that she sought

---

[2]      At least one other district court has similarly found that, where a plaintiff "simply sought recovery from the wrong entity-the United States[,]" plaintiff's state law claims, filed more than two years after plaintiff should have known of the injury, were barred.  Harjo v. Greeley, 2008 WL 1836683, *2 (April 22, 2008 E.D. Okla.).  In Harjo, the district court found that the filing of an administrative complaint did not toll the statute of limitations provided in Okla. Stat. tit. 76, § 18.  Id. at *3.  Although plaintiff does not make such a tolling argument, the district court's reasoning, that the Federal Tort Claims Act exhaustion requirement "simply has no bearing on the timeliness of [plaintiff's] state law suit," is sound and applicable in this case.  Id.  Plaintiff was not required to exhaust her administrative remedies against the VA before bringing her state law suit.  Plaintiff asserts that, until she received the final notice of denial from the VA, the only defendant was the United States.  However, that argument is without merit.

6

recovery against the wrong defendant is not a basis for applying the discovery rule.  The Court finds that plaintiff's claim is barred by the statute of limitations and defendant's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED** that Defendant Lesley V. Landis, M.D.'s Motion to Dismiss and Brief in Support (Dkt. # 7) is **granted**.  A separate judgment of dismissal is entered herewith.

**DATED** this 15th day of April, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE